THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,

        Plaintiff,

    v.

RICHARD E. DAUGHERTY,

        Defendant.

:

:

:

:

Case No. 3:17-cr-26

Judge Walter H. Rice

---

DECISION AND ENTRY OVERRULING MOTION FOR
COMPASSIONATE RELEASE OF DEFENDANT RICHARD DAUGHERTY
(DOC. #57) AND OVERRULING AS MOOT DEFENDANT'S MOTION
FOR DISCOVERY (DOC. #58)

---

Before the Court is the Motion for Compassionate Release of *Pro Se*
Defendant Richard E. Daugherty (Doc. #57), and Defendant's Motion for Discovery.
(Doc. #58). For the reasons set forth below, the Compassionate Release Motion is
OVERRULED and the Discovery Motion is OVERRULED AS MOOT.

## I.  Factual Background and Procedural History

On December 20, 2017,, Defendant was convicted of Possessing with Intent
to Distribute in Excess of 400 grams of a mixture containing Fentanyl, and
Possessing with Intent  to Distribute 100 grams or less of Heroin (Count One) and
Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Two).
(Judgment, Doc. #43, PAGEID 147-48, *amended at* Doc. #46, PAGEID 171-73),
citing 18 U.S.C. § 924(c)(1)(A), 21 U.S.C. § 841 (a)(1), (b)(1)(A)(iv), (b)(1)(B)(i)).
Defendant was sentenced to 84 months imprisonment on Count One and 60

months on Count Two, to be served consecutively. (*Id.* at PAGEID 148).  On April 6, 2018, after confirming that Defendant's wife suffers from congestive heart failure, the Court reduced the sentence on Count One to 60 months, for an aggregate sentence of 120 months.  (Decision and Entry, Doc. #48, PAGEID 185-86).  Defendant is 41 years old with a present release date of August 18, 2027.[1]

Defendant argues that he is being incarcerated as a "political prisoner of war" and has "been denied medical treatment for the last 14 months [and has] been wrongfully detained in the SHU [(Special Housing Unit)] for the last 10 months."  (Doc. #57, PAGEID 258).  He asserts that he has "fulfilled all of my administrative remedy processes."  (*Id.*).[2]

The matter is now ripe for decision.

## II.   Legal Standards

A district court may, in certain limited circumstances, grant "compassionate release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), (1) after considering the factors set forth in section 3553(a) to the extent that they are applicable, (2) if it finds that extraordinary and compelling reasons warrant such a reduction . . .(3) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[3]

---

[1] https://www.bop.gov/inmateloc/ (last accessed Feb. 12, 2026).

[2] The Court has read with great attention the remainder of Defendant's Compassionate Release Motion (Doc. #57, PAGEID 257-64), and, respectfully, has been unable to discern a coherent argument.  Nonetheless, the topics discussed therein (*id.*) have no bearing on whether compassionate release is warranted under 18 U.S.C. § 3582(c)(1)(A)(i).

2

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added). Defendants seeking compassionate release may file a motion with the district court only after they submit a request to his or her warden to move for compassionate relief on their behalf and either (a) the warden denies the request, or (b) the warden does not respond within thirty days from the submission of the request. *Id.* Failure to comply with the exhaustion strictures set forth in the statute deprives a court of authority to entertain the petition. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's exhaustion requirement is, in essence, a "mandatory claim-processing rule[]" that, when properly invoked, courts must enforce by dismissing the motion).

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Further, relief under the statute is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

## III. Analysis

At the outset, the Court notes that Defendant has set forth no evidence that Defendant made a request to his warden that he or she move for compassionate relief on Defendant's behalf. Absent such a request, Defendant may not proceed, and his Motion must be dismissed for that reason alone. 18 U.S.C. § 3582(c)(1)(A);

3

*see also Alam*, 960 F.3d at 833 ("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition.").

However, even assuming that the Court may entertain the Motion, Defendant is still not entitled to relief. While the Court may consider other circumstances beyond those listed in United States Sentencing Guideline ("Guideline") § 1B1.13 as extraordinary and compelling reasons for release, that Guideline section is still informative as to what constitutes such a reason. *Jones*, 980 F.3d at 1110-11 (in light of the First Step Act of 2019, "we weave together three compatible aspirations: preserving as much of § 1B1.13 that can be saved, adhering to Congress's intent, and respecting the Sentencing Commission's thoughtful authorship of § 1B1.13's commentary"). The reasons set forth are, in essence and in no particular order: (a) old age; (b) terminal illness; (c) serious physical or mental illness for which he cannot receive adequate care in the prison; (d) being sole caregiver for an immediate family member; (e) sexual abuse; or (f) suffering serious bodily injury committed by an individual with custody or control over Defendant. U.S. SENT'G GUIDELINE § 1B1.13(b)(1-4).

From the Court's most reasonable and liberal reading of the Compassionate Release Motion, Defendant appears to be claiming that the BOP, at the behest of other federal agencies, is retaliating against Defendant due to his discovering and intending to expose a psyop by the federal government against the American people. (Doc. #57, PAGEID 257-59, 261). However, the only cogent claim of retaliation in the Compassionate Release Motion is Defendant's allegation that he

4

was placed in the Special Housing Unit ("SHU") in retaliation for his attempts at exposing the psyop. (*Id.* at PAGEID 257). However, Defendant has not identified any caselaw, and the Court is unaware of any, supporting the premise that placement in solitary confinement or other special housing is, by itself, an extraordinary and compelling reason for compassionate release. Moreover, Defendant concedes that his time in federal custody has been marked by numerous disciplinary infractions. (Doc. #57, PAGEID 258). Thus, the Court cannot conclude that Defendant's restrictive placement was even improper, much less grounds for release. *See United States v. Gordon*, No. 23-3188, 2004 WL 1005772, *2 (6th Cir. Mar. 4, 2024), *cert. denied* 145 S.Ct. 1458 (Mem.) (Mar. 24, 2025) (affirming district court's conclusion that being held in solitary confinement is not an extraordinary and compelling reason when the defendant's own behavior was the impetus for placement).

Finally, Defendant does not claim that any of the 18 U.S.C. § 3553(a) factors applies in favor of compassionate release. Nor could he reasonably so argue. By Defendant's own admission, he endangered the Greater Dayton community by attempting to traffic more than one-half of one kilogram combined of heroin and fentanyl, and possessing three loaded pistols in furtherance thereof. (Stmt. Of Facts, Doc. #25, PAGEID 55-56). Also, again by his own admission (Doc. #57, PAGEID 257, Defendant has had significant behavioral issues while incarcerated. Defendant was already receiving a below-Guideline range sentence, and further downward departure would not be justified by "the nature and circumstances of

5

the offense and the history and characteristics of the [D]efendant[.]"  18 U.S.C. § 3553(a)(1).

Having failed to meet any of the three elements for compassionate release, Defendant's Compassionate Release Motion must be overruled irrespective of any consideration of the 18 U.S.C. § 3553(a) factors.  Because none of the materials sought by Defendant in his Discovery Motion (Doc .#58, PAGEID 266) would cause the Court to alter its conclusion, that latter Motion is overruled for mootness.

## IV.   Conclusion

For the reasons set forth above, Defendant's Compassionate Release Motion (Doc. #57) is OVERRULED, and his Discovery Motion (Doc. #58) is OVERRULED AS MOOT.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


IT IS SO ORDERED.

WALTER H. RICE, JUDGE
February 12, 2026                    UNITED STATES DISTRICT COURT


6